### Board of Supervisors of Quitman County *v.* William Stritze et al.

County. *Ownership of land. Objection thereto. Sovereignty.*

Where real estate, not necessary for any of the purposes for which the county is authorized to acquire land, is donated to the board of supervisors, the title of the county is not void, but only voidable. Neither the grantor nor those claiming under him can question the county's right of ownership and disposition; the state only can object.

From the chancery court of Quitman county.
Hon. W. R. Trigg, Chancellor.

On March 19, 1881, J. M. Phipps, being the owner of certain land in the new county of Quitman, executed to the board of supervisors a deed to a part of the same, upon which was to be located the county site. The deed recited that the board had, by resolution, agreed to locate the county site on said land; that ten acres had been set apart by the grantor, which was to be divided into lots according to a plan thereafter to be adopted by the board, said lots to be numbered. In consideration of the premises, and the payment of $10, the said Phipps, by said deed, conveyed to the board one acre of said ten acres, upon which was to be located the court-house and jail, and he also conveyed to the board the even-numbered lots, into which the other nine acres were to be divided, stipulating that he was to retain the odd-numbered lots, and that the parties were to sell their respective lots at the same price. It was also stipulated in said deed that the lots reserved by Phipps, until sold or built upon, should be exempt from county taxes. The court-house and jail were erected on the land which was conveyed for that purpose, and the remainder of the land was divided into lots according to the stipulations of the deed. Said lots then constituted a part of the town of Belen. Afterwards, the board of supervisors filed the bill in this case against the appellees, setting out the above facts, and averring that the defendants claimed title to the land conveyed to it.

The bill also alleged that the board intended and desired to use all of the land conveyed to it, except the one acre upon which the court-house and jail were erected, for the purpose of establishing thereon a county poor-house, or that it would be exchanged for other land upon which to build a poor-house. The prayer of the bill was that the claim of defendants should be canceled as a cloud upon the title of complainant, and for a writ of possession as to said land except the one acre. To this bill defendants filed a general demurrer, which was sustained, and the bill dismissed. But, on appeal, this court reversed the decree and overruled the

demurrer. Without deciding upon the effect of the deed in so far as it purported to convey the lots to the county, this court held that, as the demurrer was a general one to the entire bill, and as the bill certainly showed a right to relief in respect to the land upon which the court-house and jail were located, the demurrer should be overruled. The case being remanded, complainant filed an amended bill, setting up with more accuracy the facts above stated.

Defendants answered, disclaiming title as to the one acre, and interposed a demurrer to the bill in so far as it related to the lots, the ground of the demurrer being that the county had no power to acquire or own such lots. A decree was entered in accordance with the prayer of the bill as to the one acre, and, as to the remainder of the land, the demurrer was sustained, and the bill dismissed. Complainant appeals.

In this court, counsel argued only the question as to the power of the county to acquire and own the lots. As the court pretermits consideration of this question, deciding that the state only can object, the argument of counsel is omitted.

*T. J. Williams*, for appellant.

*St. John Waddell*, for appellees.

COOPER, J., delivered the opinion of the court.

When this case was in this court on a former appeal, we threw out an intimation that the appellees had no concern with the power of the board of supervisors to hold the lands in controversy, but that the state alone could question its right so to do. But it was unnecessary for the disposition of that appeal to decide that question, and it was left undetermined.

Notwithstanding our suggestion on the former appeal, the case seems to have been argued and decided in the court below without reference to the point which lies at the threshold of the investigation; no allusion to it is made by counsel

upon either side.   It is, however, decisive of the whole controversy.

The power to acquire, hold and dispose of real estate is incident to corporations generally, and may be said to be universal, except when either expressly forbidden by the act creating the corporation or by necessary implication springing from the character of the corporation itself.   But boards of supervisors may, by law, acquire real estate for certain purposes, and, having such capacity, conveyances to them are not void, but voidable only—the sovereign alone can object.   4 Am. & Eng. Enc. L., 233.

By the conveyance from Phipps, the title to the land passed to the board of supervisors of Quitman county, and neither he nor the defendants, who claim derivatively from him, have any interest in the question whether this body shall be permitted to own and possess or sell the same.   That is a matter between the board and the state, in which strangers have no right to be heard.   *Grant* v. *Coal Co.*, 80 Pa. St., 208; *Leasure* v. *Insurance Co.*, 91 Pa. St., 491; *Mallett* v. *Simpson*, 94 N. C., 37; *Cowell* v. *Springs Co.*, 100 U. S., 55; *Jones* v. *Habersham*, 107 U. S., 174; *Christian Union* v. *Yount*, 101 U. S., 352; *Hough* v. *Cook Co. Land Co.*, 73 Ill., 23.

The complainant is entitled to the relief prayed.

*The decree is reversed and cause remanded.*