SPRINGFIELD GROCERY CO. *v.* DEVITT *et al.*

[88 South. 497, No. 21387.]

1. CORPORATIONS. *Foreign corporations held entitled to do business in state both by comity and comity by statute.*
   Foreign corporations have the right to do business in this state both by the comity of nations and by section 914, Code of 1906 (section 4088, Hemingway's Code).

2. CORPORATIONS. *Foreign corporation's failure to file copy of charter with Secretary of State does not affect status.*
   The failure of a foreign corporation doing business in this state to file a copy of its charter with the Secretary of State as required by section 935, Code of 1906 (section 4111, Hemingway's Code), does not withdraw from it the recognition of its status as a corporation.

. APPEAL from circuit court, Harrison county.

HON. D. M. GRAHAM, Judge.

Action by the Springfield Grocery Company against T. K. Devitt and others. Judgment for defendants on sustaining demurrer to replication, and plaintiff appeals. Affirmed.

, *Gex, Waller & Morse,* for appellant.

It must remembered that · business associates attempting to do business jointly other than as a corporation are a copartnership. The law knows no intermediate form of business organization between a copartnership and a corporation. It is said in 30 Cyc., page 397 : "Sec. 7. Associations, defective corporations, and promoters.· a. Associations. Business associates who have not attempted to become incorporated are partners, if they are the common proprietors of a business carried on by them for profit, for the law knows no intermediate form of business organization between a corporation and a partnership.

Unquestionably that proposition cannot be controverted. Therefore if the Devitt-Clark Packing Company cannot be recognized in Mississippi as a corporation and was not a corporation authorized to do business in the state of Mississippi, then it was a copartnership and all the partners were liable to the appellant herein, in undertaking to transact business within the bounds of the state of Mississippi.

Now, let us see if the Devitt-Clark Packing Company had any corporate existence in the state of Mississippi, or whether its corporate existence in the state, could be recognized until it had complied with the laws of the state of Mississippi.

By section 411 of Hemingway's Annotated Code, it is provided that before a foreign corporation may do business within the state of Mississippi, it must file its charter and articles of incorporation, certified as provided by that section with the secretary of state, and upon complying with the other requisites of that section a certificate shall

be granted it showing its compliance with the law, and thereafter it shall have a corporate existence within the state of Mississippi, and may do business therein. The statute then provides penalties for failure to comply therewith.

In *Quartet & Music Company* v. *Haygood,* 108 Miss. 755, this court held that a corporation which had failed to comply with the section hereinabove referred to had no corporate existence within the state of Mississippi and any contracts made by that corporation, were void and could not be enforced by suit in the courts of the state of Mississippi.

The Music Company case hereinabove referred to is in accordance with the policy of the state of Mississippi. It is the policy of the state of Mississippi that when a corporation fails to comply with the statutes providing for a report of its organization to be made, the members of the pretended corporation are all partners and as such becomes liable to those with whom they deal. (See Section 4105, Hemingway's Annotated Code.)

By section 4088, Hemingway's Code, it is provided that no foreign corporation undertaking to do business in the state of Mississippi shall have larger rights or be exempt from any penalties imposed on local corporations, nor shall such corporations undertake to do business contrary to the laws and public policy of the state of Mississippi.

If these statutes are read together, it would seem that it would be impossible for a foreign corporation who had failed to comply with the law giving it a right to do business within this state to have an existence or entity herein, and as hereinabove stated if it has no entity, and is not a corporation in Mississippi, then the owners thereof attempting to do business within the state must be co-partners, if the law recognizes no intermediate form of business between a corporation and a co-partnership. In 14 Corpus Juris, page 200, it is said: "Sec. 208. 3. Individual rights and liabilities—Individual or partnership liability. If a single individual assumes to act as a corpo-

ration and to contract as such, where there is no corporation either *de jure* or *de facto,* he will be individually liable on the contract; and individual liability will also attach to all of the stockholders or members of a pretended but non-existing corporation on contracts entered into in its name if they have expressly or impliedly authorized the contract. So, if persons who are already doing business as partners attempt but fail to incorporate and continue doing business under the name of the pretended corporation they will continue to be liable as partners. In most jurisdictions, the rule is even broader and to the effect that, where two or more persons hold themselves out as a corporation, or permit an association of which they are incorporators, stockholders, or members to be so held out, when there is no corporation either *de jure* or *de facto,* they will be liable individually as partners, on contracts entered into either by themselves or by others as agents of the pretended corporation and in its name, unless there is a stipulation or an agreement to the contrary, or unless the person dealing with them is estopped to deny their corporate evistence under rules hereinafter explained," etc. *Taylor et al.* v. *Banham,* 17 So. 552; *Duke* v. *Taylor et al.,* 19 So. 173; *Empire Mills Company* v. *Alston Grocery Company,* 15 S. W. 200; *Rowden* v. *Daniell,* 132, S. W. 23; *Tri-State Amusement Co.* v. *Amusement Co.,* 192 Mo. 404, 90 S. W. 1020, 4 L. R. A. (N. S.) 688, 111 Am. St. Rep., 511; See, also, to the same effect: *Wechelberg* v. *Flour City National Bank,* 64 Fed. 90, 12 C. C. A. 56; *Winfield* v. *Truitt,* 71 Fla. 38, 70 S. 775, L. R. A. 470; *Ward Truitt Co.* v. *Bryan and Lamb,* 144 Ga. 769, 87 S. E. 1037; *Roberts Mfg. Co.* v. *Schlick,* 63 Minn. 332, 64 N. W. 826; *Johnson* v. *Corser,* 34 Minn. 355, 25 N. W. 799; *Ellis* v. *Brand,* 176 Mo. App. 383, 158 S. W. 705; *Mediall* v. *Collier,* 16 Oh. St. 599; *Lawler* v. *Murphy,* 58 Conn. 294, 20 A. 457, 9 L. R. A. 113; *Pettis* v. *Atkins,* 60 Ill. 454; *Coleman* v. *Coleman,* 78 Ind. 344; *Kaiser* v. *Lawrence Sav. Bank,* 56 Iowa, 104, 8 N. W. 772, 41 A. M. S. R. 85; *Hospes* v. *Northwestern Mfg. Co.,* 48 Minn. 174, 50 N. W. 117, 31 A. M. S. R. 637, 15 L. R. A.

470; *Abbott* v. *Omaha Smelting, etc., Co.,* 4 Nebr. 416; *Hill* v. *Beach,* 12 N. J. Eq. 31; *Fuller* v. *Rowe,* 57 N. Y. 23; *Grady* v. *Robinson,* 28 Ala. 289; *Huggins* v. *Huggins,* 117 Ga. 151, 43 S. E. 759; *Carico* v. *Moore,* 4 Ind. App. 20, 29 N. E. 928; *Adams Express Co.* v. *Schofield,* 111 Ky. 832, 64, S. W. 903, 23 Ky. L. Rep. 1120; *Sebastian* v. *Booneville Academy Co.,* 56 S. W. 810, 22 Ky. L. Rep. 186; *Ricker* v. *American L. & T. Co.,* 140 Mass. 346, 5 N. E. 284; *Hoadley* v. *Essex County Comrs,* 105 Mass. 519; *Beecher* v. *Bush,* 45 Mich. 188, 7 N. W. 785, 40 Am. Rep. 565; *Wilson* v. *Owen,* 30 Mich .474; *Boisgerard* v. *Wall,* Sm. & M. Ch. 404; *Farnum* v. *Patch,* 60 N. Y. 294, 49 Am. Rep. 313; *Atkins* v. *Hunt,* 14 N. H. 205; *Wells* v. *Gates,* 18 Barb. 554; *Skinner* v. *Dayton,* 19 Johns 513, 10 Am. Dec. 286; *McFadden* v. *Leeka,* 48 Ohio St. 513, 28 N. E. 874; *Babb* v. *Reed,* 5 Rawle, 151, 28 Am. Dec. 650; *Carter* v. *McClure,* 98 Tenn. 109, 38 S. W. 585, 60 Am. St. Rep. 842, 36 L. R. A. 282.

From the foregoing it will be seen that the appellee never having 'complied with the laws of the state of Mississippi authorizing them to operate as a corporation, are acting as a co-partnership even though it may be granted that they undertook to act as a corporation and undertook to function in Mississippi under their Louisiana Charter, having failed to comply with the Mississippi law, they could never be recognized as a corporation; therefore they were a co-partnership and were liable as such. Under the law and facts we submit that the case should be reversed and remanded.

*J. L. Taylor,* for appellee.

Appellant in the brief of counsel admits that there does exist in the state of Louisiana a corporation styled the De-witt-Clark Packing Company, but alleges that it has no entity in Mississippi. Counsel quotes section 935, Code 1906, Hemingway's Code, section 4111, but a careful reading of that section certainly does not warrant the construction placed on it by eminent counsel.

It will be noted that this section 935 was amended in 1916, ch. 92, and as it reads in the Hemingway's Code, section 4111, that every foreign corporation shall file a copy of the charter but the only penalty provided in the law is that for failure to file the copy, the corporation shall be fined not less than one hundred dollars. That is the only penalty provided at all and I ask a careful reading of that section to see if that isn't very true. It doesn't say that they shall not do business in the state but that if they do business in the state and do not file the copy of the charter they are liable to a fine of not less than one hundred dollars. Furthermore there is a difference between section 935, Code 1906, and section 4111, Hemingway in the last sentence of the section. You will observe that in the section 4111, Hemingway's, the last sentence reads: "This section shall not apply to insurance companies, and is not to be taken or construed to change or modify the laws which are directly applicable to the character of corporations. In the section 935 by the use of the word that it only excepts insurance companies while in the Hemingway it excepts all corporations as to the character of corporations." Then can it be said that because the Devitt-Clark Packing Company is a corporation in the state of Louisiana and this law excepts them in this way that their charter must be changed from a corporation to a co-partnership, and besides the only penalty is that the corporation can be fined not less than one hundred dollars but not T. K. Devitt. Chas Redding and P. H. Clark are to be fined.

But it is urged in the case of *Quartette Music House* v. *Haywood*, 108 Miss. 755, 67 So. 211, that the court held that the corporation had no corporate existence. We fail to find that the court so held. In fact the court cites the case of *Bohn* v. *Lowery*, 77 Miss. 427, as the rule of law and to which we call the court's attention and to a reading of the Bohn case. In the Bohn case, Judge TERRALL said: "The illegality whether arising by the common law or from the statute, affects the acts or contract with like infirmity, an exception to this rule of law prevails where the

penalty is imposed on the offending party merely for the purpose of revenue and not to prohibit the act done or avoid the contract.

We submit that the section 4111, Hemingway's Code, comes under this exception as it is solely for revenue, requiring first that the corporation file and pay the fees and failing in which that they be fined the sum of not less than one hundred dollars; the secretary of state only had to look to see if the charter was in the form as required by the statute and not as to the purpose or business of the corporation at all and if the matter was in form, he shall issue a certificate that the corporation had filed its charter. No supervision of any kind but simply a statute designed for revenue.

But if it be true that the contract was void then it would follow that if Devitt-Clark Packing Company had shipped the oysters they could not have collected for them if received or sued for failure of accepting the oysters because it was a void contract; then would not sauce for the goose be sauce for the gander? If it is a void contract then the Springfield Grocery Company cannot recover on the void contract any more than could the Devitt-Clark Packing Company. We submit that there is no escape that we see from this statement.

But counsel says that because they did not file a copy of their charter they are doing business as a co-partnership; but nowhere do we find any statute to that effect. There is a statute, section 930, Code 1906, Hemingway's sec. 4104, which provides that corporations organized under this chapter shall, within thirty days, report on the blanks, failing in which all persons doing business thereunder shall be deemed and held as partners in the business and liable as such. But the Devitt-Clark Packing Company was not organized under this chapter because it was organized under the laws of Louisiana. I submit that it would be a long way to say that this meant to include such cases as the one at bar and would be reading into a

statute clearly that which is foreign to it and certainly not the legislative intent.

But if it be that because the said Devitt-Clark Packing Company did not file a copy of its charter with the secretary of state, that any contract made by it was non-enforceable in the courts in this state, it would likewise follow that no contract against it could be enforced under the authority of *Woodson* v. *Hopkins,* 85 Miss. 171, and in 15 Am. & Eng. Enc. of Law, pages 933, 998-1001.

As in the case of the *Quartette Music Co.* v. *Haygood case, supra,* the court held that the Music Company was doing business in the state as a corporation and therefore because it had not filed its charter it could not enforce its contracts, then it follows that notwithstanding that it had done business it did not do it as a partnership but as a corporation, so it follows that the Devitt-Clark Packing Company did do business in Biloxi as a corporation and not as a partnership and when they come now into court to enforce any demand growing out of this business, they would be estopped as in the Music Company case and other like cases, from suing in the courts because they had violated a statute and therefore the acts done were against public policy and not enforceable as being void and if void then the contract so made would otherwise be un-enforceable as against them and they would not be held to be a partnership and offending corporation at one and the same time.

If you please they are nevertheless a corporation, the character of which is not changed but they are an offending corporation. And they have been so regarded from time to time and in 1916 the legislature by chapter 96, now section 4113, Hemingway's Code, recognized them as corporations but offending corporations and provide that they might within ninety days pay the fees provided, etc. Thus again showing that the real purpose after all was a revenue act but being the policy of the law if they failed to comply with the law they were subject to two penalties: 1, a fine of not less than one hundred dollars, and 2, that

they could not enforce the contracts. But if you please they were corporations nevertheless. Now the appellees are not defending on the ground that contract is not enforceable against them because they failed to pay the fees provided by the law and file their charter but they are defending this suit because the appellant has sued the wrong persons; and what has been said here really is to show that the law of this state does not treat the offending corporation as a partnership but as a corporation; and it follows that if the contract was made between the appellant and the Devitt-Clark Packing ·Company, a corporation, that this suit will have to be affirmed.

It matters not what statutes Florida, Texas and Missouri may pass with reference to foreign corporations at all. It simply here is to find out what Mississippi has done, and we find that both the legislature and the courts have not held that they are partnerships but have recognized them as offending corporations and dealt with them as such as hereinbefore set out.

Then it follows as we view it that under the law the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellees as copartners doing business under the firm name of Devitt-Clark Packing Company on a contract alleged to have been made with the appellant by the packing company. A plea filed by the appellees sets forth that the Devitt-Clark Packing Company is a corporation duly organized under the laws of the state of Louisiana, and that the business in which the contract sued on was made was conducted at Biloxi, Miss., by the appellees in the name of and for that corporation. A replication to this plea by the appellant admits the incorporation of the Devitt-Clark Packing Company under the laws of Louisiana, but alleges that no copy of its charter has been filed in Mississippi with the secretary of state, and because of the failure so to do the appellees

"are liable as partners in the courts of this state." A demurrer to this replication was sustained by the court below, and, the appellant declining to plead further, its suit was dismissed and it has appealed to this court.

Foreign corporations not only have the right to do business in this state by the comity of nations, unless prohibited from so doing by statute (*Williams* v. *Creswell,* 51 Miss. 817, *State* v. *Mortgage Co.,* 111 Miss. 98, 71 So. 291), but have been given express permission so to do by section 914, Code of 1906 (section 4088, Hemingway's Code).

The contention of the appellees is that under section 935, Code of 1906 (section 4111, Hemingway's Code), a foreign corporation is without authority to transact business in this state until it has filed a copy of its charter with the secretary of state, and that until its charter has been so filed the *status* of all persons transacting business in this state and on behalf of such a corporation is that of copartners. That statute does not provide that a foreign corporation shall not do business in this state until it has filed a copy of its charter with the secretary of state, but that every foreign corporation doing business in the state shall so file a copy of its charter, and that any such corporation that fails so to do shall be subject to a fine of no less than one hundred dollars. Such a statute is generally held, though there is authority to the contrary, not to withdraw from a foreign corporation violating it the recognition of its *status* as a corporation. 14 A. C. J. 1294, and authorities there cited. The case of *Quartette Music Co.* v. *Haygood,* 108 Miss. 755, 67 So. 211, relied on by the appellant, is not in point, the decision there being not that a foreign corporation loses its *status* as a corporation by doing business in this state without filing a copy of its charter with the secretary of state, but that it cannot recover on a contract made by it before filing its charter. The rule of law there applied being that prohibiting a recovery on a contract made in violation of law.

*Affirmed.*