## NICHOLSON *v.* MYRES.

(Division B.   April 16, 1934.   Suggestion of Error Overruled   May 14, 1934.)

[154 So. 282.   No. 31177.]

Ramsey Russell, of Greenville, for appellant.

D. S. Strauss and Wynn, Hafter & Lake, all of Green-
ville, for appellant.

444

W. H. Clements, of Rolling Fork, for appellee.

446

Argued orally by **W. T. Wynn** and **D. S. Strauss**, for appellant, and by **Ernest Kellner** and **W. H. Clements**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee filed his bill in the chancery court of Issaquena county against appellant to remove clouds from and establish his title to eighty-four acres of land, situated in that county, described in the bill, and to cancel the deed under which appellant claimed title to the land. There was a trial on bill, answer, and proofs, resulting in a decree in appellee's favor, from which decree appellant prosecutes this appeal.

The claim of title by both parties runs back to the same source, John A. and Ethel D. Moore. On the 25th day of July, 1929, John A. Moore and his wife, Ethel D. Moore, in consideration of five thousand dollars, conveyed the eighty-four acres of land involved to the board of Mississippi levee commissioners. The deed conveyed and warranted a fee-simple title. The conveying clause

of the deed, leaving off the description of the property, is in this language: "We convey and warrant to the Board of Mississippi Levee Commissioners for levee purposes the following real property," etc. On July 2, 1933, John A. Moore having died, Ethel D. Moore, his widow, and their children, his sole heirs, executed a quitclaim deed to all their right, title, and interest in the eighty-four acres of land to the appellant. On the 24th day of July, 1933, the board of levee commissioners conveyed by warranty deed the eighty-four acres of land to appellee. At the time of this conveyance appellant was occupying a part of the land as lessee of Mrs. M. E. Fortner, who was a lessee of the levee commissioners.

Appellant claimed the land through his quitclaim deed from the heirs of Moore, while appellee claimed by virtue of his deed from the levee commissioners. The evidence showed that the levee commissioners acquired the land in good faith for levee purposes, but little, if any, use was made of it for those purposes, and that at the time of the conveyance by the levee commissioners to appellee it was no longer needed or used for levee purposes. Under the charter of the levee board (sections 232 and 233 of the Constitution, sections 1 and 3 of the Acts of November 27, 1865, Compiled Levee Laws, pp. 1 and 2), the board was expressly authorized to condemn land for levee purposes, and we are of opinion that it was also authorized by implication to acquire by conveyance at least as large an interest in lands for levee purposes as it could acquire by condemnation. We do not decide, because it is not necessary, whether the levee board had the right to acquire lands in fee. As above shown, the conveyance from the Moores to the levee board conveyed a fee-simple title. For the purpose of this decision we will assume that the levee board had no right to acquire lands for levee purposes in fee. We have, therefore, the levee board holding a fee-simple title to this land, and, when it was no longer needed for levee purposes, at-

tempting to convey by warranty deed such title to appellee.

Under sections 403, 404, and 405, Code 1930, to maintain his bill to remove clouds and establish title to the land, it devolved upon appellee to show perfect title in himself. The question is whether or not appellee met these requirements of the law in that respect. Appellant's contention is that, when the land had ceased to be used for levee purposes, the title reverted to the Moore heirs, and he acquired it by quitclaim deed. While appellee contends that there was no reverter because the conveyance to the levee board provided for none, and furthermore if the levee board held the land in violation of its charter and the public policy of the state, as therein declared, such illegal holding cannot be questioned except by the state in a proceeding for that purpose.

Does the language in the conveyance from the Moores to the levee board, "for levee purposes," create a condition subsequent, resulting in a reversion of the title to the land to the Moores? On the authority of Thornton v. Natchez, 88 Miss. 1, 41 So. 498, 499, and Soria v. Harrison County, 96 Miss. 109, 50 So. 443, 444, this question must be answered in the negative. In the Thornton Case land was conveyed to the city of Natchez for a cemetery to be used for burial purposes alone "and for no other use or purposes whatsoever." The court held that failure of the city to use the land as a cemetery did not cause it to revert to the grantor or his heirs; that the title to land sold and conveyed for a designated use will not revert to the grantor or his heirs upon being put to another or different use, in the absence of express terms in the deed providing for reversion. In the Soria Case land was conveyed to the board of police of the county for the use of a courthouse and jail "to have and to hold the same . . . for the use of said county as aforesaid." The court held that, when the land had ceased to be used for those purposes, it did not revert; that that language in the deed did not create a condition subse-

quent, the breach of which would cause the land to revert; that there could be no reversion unless the grantor intended the deed should have that effect, and the deed so provided in plain terms; and that in construing the deed the language would be most strongly construed against the grantor. These decisions are supported by the authorities in other jurisdictions. 8 R. C. L., p. 1104, sec. 163.

There being no reversion, as long as the levee board held the title to the land, no one could question that title, except the state. Quitman County v. Stritze, 70 Miss. 320, 13 So. 36; Middleton v. Georgetown Mercantile Co., 117 Miss. 134, 77 So. 956. It was held in the Stritze Case that, where real estate, not necessary for any of the purposes for which a county is authorized to acquire land, is donated to the board of supervisors, the title of the county is not void but only voidable, and neither the grantor nor those claiming under him could question the county's right of ownership and disposition; that the state alone could question it. In the Middleton Case the court held that land acquired by a corporation in violation of chapter 162, Laws 1912, vested the title in the corporation, and that such unlawful acquisition of title could only be questioned and assailed by the state, through its proper officers, and not by the grantor in a deed of trust under which the corporation purchased at foreclosure sale. These decisions are in line with the decisions of the courts of other states. 7 R. C. L., p. 567, sec. 553.

Conceding, therefore, for the purpose of this decision that the levee board had no right to acquire and hold the fee-simple title to the land, the title did not revert to the Moores, the grantor, because the deed contained no condition subsequent providing therefor, and no one could question the title of the levee board except the state, and, the state having failed to do so while the title was held by the levee board, neither the state nor the Moores, nor the vendee of the Moores, have the right to question

the title of the vendee of the levee board. Putting it differently, if the levee board had no right to acquire and hold the fee-simple title, nevertheless it did acquire and hold it, and, while it so held it, no one could question its right except the state, and, after it parted with the fee-simple title to appellee, the title was no longer held in violation of the laws and the public policy of the state. The state had no right to question appellee's title, because he acquired it from the levee board. Appellee was not violating the laws and the public policy of the state in holding title to the land, and the levee board had purged itself of any violation of the laws and public policy of the state in holding the land by conveying it to appellee.

Affirmed.