CITIZENS' BANK OF HATTIESBURG *v.* GRIGSBY *et al.*

(Division B. June 11, 1934. Suggestion of Error Overruled July 11, 1934.)

[155 So. 684. No. 31273.]

**Heidelberg & Roberts,** of Hattiesburg, for appellant.

658

J. E. Davis and George W. Currie, both of Hatties-
burg, for appellees.

660

Argued orally by **M. M. Roberts**, for appellant, and by **Geo. W. Currie**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

O. C. Grigsby and J. E. Schwartz, citizens of Hattiesburg, Mississippi, instituted an action of unlawful entry and detainer in the county court of Forrest county for

land lying in that county, which said Grigsby and Schwartz had purchased from the Hatchie Investment Company of Memphis, Tennessee. The Hatchie Investment Company had purchased the land at a foreclosure sale under a deed of trust executed by E. J. Williams in 1929 to secure the indebtedness therein mentioned owing to the Franklin Bond & Mortgage Company domiciled in Memphis, Tennessee. Subsequent to the execution of the deed of trust to the Franklin Bond & Mortgage Company, E. J. Williams executed a deed of trust on the same property to the Citizens' Bank of Hattiesburg to secure certain money due it, and later executed a deed to said bank in satisfaction of his debt conveying the lands involved in this suit.

At the time the deed of trust was given to the Franklin Bond & Mortgage Company and up to the time of the institution of this suit and the trial of the case, the Franklin Bond & Mortgage Company had never filed, with the secretary of state of Mississippi, any charter, or paid any fees, permitting it to do business in the state as a foreign corporation. However, it maintained offices and had agents in the city of Hattiesburg, and entered into numerous transactions, lending money and taking deeds of trust to secure such loans.

On February 6, 1933, J. Frank Brown, substituted trustee in the deed of trust given by Williams to the Franklin Bond & Mortgage Company, sold under foreclosure said property to the Hatchie Investment Company, who had acquired the mortgage from the Franklin Bond & Mortgage Company; the property having been bid off at the foreclosure sale by an attorney in the city for said J. Frank Brown, substituted trustee. The Hatchie Investment Company paid three thousand dollars for the property.

On April 15, 1933, O. C. Grigsby and J. E. Schwartz purchased the property from the Hatchie Investment Company, and, before bringing suit, made demand, in

writing, for possession of the property, which demand being refused, suit was brought as stated for the possession of the property under section 3456, Code 1930. When suit was filed, summons was issued and directed to be returnable before the county court on the first day of the term of court, which was more than twenty days after the date of the summons.

A motion was made in the county court to quash the process, and said motion was overruled. The defendant then pleaded certain pleas in abatement, setting up that the right of action did not exist in favor of the appellees and that the contract between Williams and the Franklin Bond and Mortgage Company was void, because that corporation, being a foreign corporation, was not authorized to do business in the state of Mississippi, and that the foreclosure proceedings were void for that reason, and also setting up that the Union & Planters' National Bank and the Hatchie Investment Company and W. C. Scott, who bid for the Hatchie Investment Company at the time of the sale, were under some understanding or collusion to defeat the law by bidding in the property in the name of the Hatchie Investment Company, which is a subsidiary or a mere conduit for the Franklin Bond & Mortgage Company, and that the deed to the appellees was made in furtherance of an effort to defeat the law by conveying to themselves the title to the land, so as to avoid the consequences of not having complied with the law of the state. It was also alleged in the special pleas that neither the Hatchie Investment Company nor the Union & Planters' National Bank were qualified to do business in Mississippi; each being a foreign corporation.

A demurrer was sustained to these pleas, and the case came on for trial.

It appeared that J. Frank Brown, as substituted trustee, advertised the property for sale, and had an attorney to cry it off, as stated above; that one W. C. Scott, a representative of the Hatchie Investment Company and the

Union & Planters' National Bank, and the Franklin Bond & Mortgage Company, gave a check to J. Frank Brown for three thousand dollars, the purchase money, and Brown subsequently gave a check to Scott for a similar amount.

It is contended by the appellant that the court below should have quashed the process because the statute requires the process to be issued not less than five days, nor more than twenty, before the return day, and that the return day is to be fixed for a day certain, under section 3461, Code 1930.

We think the appearance and the motion to quash constituted sufficient appearance regardless of the validity of the original summons, and, inasmuch as the case was not tried at the return day, but this appearance brought the defendants into court, it was tried at some subsequent term. See Code 1930, section 2999.

It is next contended that the appellees were not entitled to the remedy under section 3456, Code 1930, because the Bank of Hattiesburg had obtained a deed from Williams prior to the foreclosure and was in possession and had not withheld or deprived the appellees of possession within the meaning of the statute.

Section 3456 reads as follows: "Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession, or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of pos-

session, be entitled to the summary remedy herein prescribed."

We think the intent and purpose of this section is to give a remedy to one who claims under a deed of trust or mortgage, although not an immediate vendee or a vendee under an original grantor in a deed of trust.

It is next contended that the contract was void, and that no validity can be given to the deed under the foreclosure. It will be noted, in considering this contention, that the Franklin Bond & Mortgage Company is not a party to the suit, is seeking no relief in court, and has sought none. The statute bearing on the matter denies, to a corporation violating the statute, access to the courts for any relief. We do not think the statute avoids the contract so as to affect third persons, and we are of the opinion that nobody can raise this question but the state of Mississippi, when suit is brought by third persons, or when the litigation is between other persons than the corporation violating the statute and the state of Mississippi. In other words, a sale under a deed of trust in pais passes the title from the trustee to the purchaser. In the original contract between the Franklin Bond & Mortgage Company and Williams, the title passed from Williams to the trustee. The language of the statute does not make the contract entirely void. See Middleton v. Georgetown Mercantile Company, 117 Miss. 134, 77 So. 956; Long Beach Canning Company v. Clark, 141 Miss. 177, 106 So. 646; Nicholson v. Myres (Miss.), 154 So. 282; Quitman County v. Stritze, 70 Miss. 320, 13 So. 36; and the authorities cited under these cases. See, also, Springfield Grocery Co. v. Devitt, 126 Miss. 169, 88 So. 497.

In our opinion, the case of Long Beach Canning Co. v. Clark, supra, is applicable here. In that case it was held, where a foreign corporation did business in this state without filing its charter as required by section 935, Code 1906 (which is brought forward in the Code of 1930, sec-

tion 4164), that this did not prevent it from selling property to liquidate its affairs on discontinuing its business, and that the statute prohibiting a foreign corporation from transacting business unless its charter was filed was intended only to deny such foreign corporation access to the courts of the state to enforce rights growing out of business transacted contrary to the statute. It would be too sweeping a decision to hold that the contract was utterly void as to third persons, and it would impose an unreasonable burden on other parties to compel them to see to it that a corporation had complied with the law of the state, when they desired to buy the property of such corporation.

The state might take appropriate action, and might possibly forfeit the property acquired by a foreign corporation which had not complied with the law, but only the state could take such action. The statute denies access to the courts by such a corporation, and the courts merely leave them as they are found, and will not aid in refusing rights growing out of the contract made without complying with the law. The law does not favor forfeitures, and, before forfeitures will be decreed or adjudged, they must come within the terms of the statute imposing that liability.

The circuit court having reached the same conclusion, its judgment will be affirmed.

Affirmed.