**Mrs. Kate M. ANDERSON v. STATE ex rel. Greek L. RICE, Atty. Gen., and State Mineral Lease Commission.**

No. 31773.

Supreme Court of Mississippi, Division B.
June 3, 1935.

J. Morgan Stevens, Harry M. Bryan, and Green, Green & Jackson, all of Jackson, for appellant.

J. A. Lauderdale, Asst. Atty. Gen., for appellees.

ANDERSON, Justice.

Conceding that under the law the hospital board had no right to purchase and acquire title to the land, still its title is good against every one except the state; it may be used both offensively and defensively; and no one but the state can raise the question of the legality of the title. Nicholson v. Myres, 170 Miss. 441, 154 So. 282; Quitman County v. Stritze, 70 Miss. 320, 13 So. 36; Middleton

v. Georgetown Mercantile Co., 117 Miss. 134, 77 So. 956; Fritts v. Palmer, 132 U. S. 282, 10 S. Ct. 93, 33 L. Ed. 317. It follows that, having been authorized by the Legislature to do so, the hospital board could have conveyed to Anderson a good title. The chancellor found, however, from the evidence that the purchase money was never paid by Anderson, and therefore under the escrow agreement the deed was never legally delivered to him. We think the evidence amply justifies that finding.

Affirmed.

ETHRIDGE, Presiding Justice (specially concurring).

I agree to the affirmance of this case for the reasons stated in Judge ANDERSON'S opinion, but I am not prepared to agree that the Legislature validly authorized the board of trustees to convey to Anderson. The authority under which the grantors undertook to execute a conveyance to Anderson was a joint resolution and not a bill. Section 60 of the Constitution requires laws to be passed by bills, and provides how they shall be passed. Section 90 (u) of the Constitution prohibits the granting of lands under the control of the state by local, private, or special bills, and section 95 of the Constitution imposes important restrictions on the legislative power in that regard. Furthermore, the trustee's term of office had expired before the alleged deed was signed. It is not necessary now to decide these questions, and I reserve my judgment on them until they are necessary to be decided.

---

**Pearl MAGEE v. STATE.**
No. 31717.

Supreme Court of Mississippi, Division A.
June 10, 1935.

A. M. Edwards, of Mendenhall, for appellant.

W. D. Conn, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.
Affirmed.