MARX & BENSDORF, INC., *v.* FIRST JOINT STOCK LAND BANK OF NEW ORLEANS, LA.

(Division B. March 29, 1937.)

[173 So. 297. No. 32660.]

Julian C. Wilson and Bertrand W. Cohn, both of Memphis, Tenn., for appellant.

Brewer & Montgomery, of Clarksdale, for appellee.

Argued orally by **Julian C. Wilson,** for appellant, and by **Fred Montgomery,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant, a Tennessee corporation, instituted this suit in Calhoun county by a foreign attachment in chancery against appellee, a Louisiana corporation, to recover

the sum of $1,250 claimed to be due it as a real estate brokerage commission. There was a trial on bill, answer, and exhibits, resulting in a decree dismissing the bill. From that decree, appellant prosecutes this appeal.

One ground of defense was that if appellee was due appellant any brokerage commission it grew out of the fact that it was earned by appellant, a foreign corporation, in the prosecution of its real estate brokerage business in this state, and appellant was not entitled to maintain the suit because it had failed to comply with sections 4140 and 4164, Code 1930. Appellant admitted it had not complied with those provisions of the chapter on corporations. The chancellor dismissed the bill on that ground. The facts upon which the defense was founded were undisputed.

Appellee owned 696 acres of land in Bolivar county, in this state, which it sold and conveyed to one Aderholdt in 1934 for $25,000. Appellant claimed that the sale was brought about as the result of its activities—that it was employed by appellee to find a purchaser for the land, which it did, resulting in the sale and conveyance, entitling it to a brokerage commission of 5 per cent. on the purchase price. Section 4164 of the Code requires all foreign corporations for profit, doing business in this state, to file with the secretary of state authenticated copies of their charters. The last paragraph of section 4140 is in this language:

"Every foreign corporation doing business in the state of Mississippi, whether it has been domesticated or simply authorized to do business within the state of Mississippi, shall file a written power of attorney designating the secretary of state or in lieu thereof an agent as above provided in this section, upon whom service of process may be had in the event of any suit against said corporation; and any foreign corporation doing business in the state of Mississippi shall file such written power

of attorney before it shall be domesticated or authorized to do business in this state, and the secretary of state shall be allowed such fees therefor as is herein provided for designating resident agents. Any foreign corporation failing to comply with the above provisions shall not be ·permitted to bring or maintain any action or suit in any of the courts of this state.'' It will be noted that the last clause of that paragraph provides that any foreign corporation failing to comply therewith is barred from bringing and maintaining any suit in the courts of this state.

The question is whether appellant was engaged in business in this state in the meaning of the law. Appellant's home office was in the city of Memphis, Tennessee; its operations in Mississippi were principally through its agent Marx who resided in Memphis, but made frequent trips to this state in and about the business of his principal. While in this state, his headquarters were in the Alcazar Hotel in Clarksdale. He often spent three or four days at a time there and advertised that prospective sellers and purchasers of real estate would find him there. During the years 1932 to 1935, inclusive, appellant effected sales of 33 tracts of land in the delta section of this state and received for its services commissions in the sum of $19,102.95. Marx spent a large part of his time showing these lands to prospective purchasers and doing the other necessary things to consummate the sale thereof.

We are of the opinion that those facts constituted doing business in this state in the meaning of the statute. Quartette Music Co. v. Haygood, 108 Miss. 755, 67 So. 211; Peterman Const. & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548, 550; Wiley Electric Co. v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773. In the Blumenfeld Case the court said: ''One test of whether or not a foreign corporation is 'doing business' within

the meaning of our statute is whether or not it is doing such acts as are within the function of its corporate powers.'' The business transacted by appellant in this state was not only ''within the function of its corporate powers,'' but was considerable in amount.

Appellant refers to Hart v. Livermore Foundry· & Machine Co., 72 Miss. 809, 17 So. 769, as supporting its contention. In that case the court held that a foreign corporation having an office in Tennessee and engaged in business with citizens of other states with reference to property situated elsewhere, as to which persons and property Tennessee had no concern, was not engaged in business in that state within the meaning of its statute forbidding foreign corporations to do business in that state without complying with certain conditions. We do not think that case in point, for the reason that the corporation involved did no business in Tennessee.

Affirmed.