## INTERSTATE REALTY CO. v. WOODS.
### No. 12259.

Circuit Court of Appeals, Fifth Circuit.
June 18, 1948.

Phil Stone and L. C. Andrews, both of Oxford, Miss., for appellant.

John W. Kyle and James McClure, both of Sardis, Miss., for appellee.

Before SIBLEY and LEE, Circuit Judges, and CHRISTENBERRY, District Judge.

LEE, Circuit Judge.

This suit was filed by the appellant, a Tennessee corporation, to recover from appellee, a resident of Mississippi, a broker's commission alleged to be due on the sale of certain of appellee's real estate in the State of Mississippi. Appellee in his answer denied the right of appellant to recover, setting up that appellant was a foreign corporation which, because it had never qualified to do business in the State of Mississippi as provided by Mississippi law,[1] was not entitled to maintain any suit in any court in Mississippi. After filing his answer, the appellee called upon appellant to admit, pursuant to Federal Rules of Civil Procedure, Rule 36, 28 U.S. C.A. following section 723c, that it had not qualified to do business in Mississippi. In response, appellant denied that it was doing business in Mississippi, but admitted a number of transactions in that State over a specified period of years. Upon this admission, the court below, on motion for summary judgment, found that appellant was doing business in Mississippi and held that the contract in question was void. Judgment was thereupon entered dismissing the plaintiff's suit with prejudice. This appeal followed.

---

[1] Sections 5319, 5339, 5343, Mississippi Code 1942; Section 155, c. 137, Mississippi Laws 1944.

The two questions involved are (1) Was appellant doing business in Mississippi within the purview of the statutes? And, (2) if so, was the contract with appellee which was entered into in Mississippi null and void because appellant at that time had not qualified to do business in Mississippi?

■ The record shows that appellant is a corporation organized under the laws of the State of Tennessee, with its domicile in Memphis, Tenn., and that it had never qualified to do business in Mississippi. Through its agents, however, it had contracted to sell real estate in Mississippi and in connection with sales had sent its agents into Mississippi to meet prospective buyers and to show the properties to be·sold. Appellant admitted that in 1942 it earned from 3 sales in Mississippi $2,121.45; in 1943, from 2 sales, $4,064.25; in 1944, from 3 sales, $12,000; in 1945, from 14 sales, $14,272.27; and in 1946, from 16 sales, $14,430.75. We think that in view of these admissions the court below was correct in holding that appellant was doing business in Mississippi within the meaning of the Mississippi statutes. Marx & Bensdorf, Inc. v. First Joint Stock Land Bank of New Orleans, 178 Miss. 345, 173 So. 297; Wiley Electric Co. v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773.

The question remaining is whether or not appellant's failure to qualify to do business in Mississippi struck with nullity the contract sued upon in this case. The pertinent sections of the Mississippi law are set forth in the margin.[2]

The court below rested its decision upon Quartette Music Co. v. Haygood, 108 Miss. 755, 67 So. 211, 212, and held that under that case the contract here sued upon was null and void because at the time of contracting the appellant had not qualified to do business in the State of Mississippi. In so holding we think the court erred.

---

[2] "§ 5319. *Resident agent: how designated.*—* * *

"Every foreign corporation doing business in the state of Mississippi, whether it has been domesticated or simply authorized to do business within the state of Mississippi, shall *file a written power of attorney* designating the secretary of state or in lieu thereof an agent as above provided in this section, upon whom service of process may be had in the event of any suit against said corporation; and any foreign corporation doing business in the state of Mississippi shall file such written power of attorney before it shall be domesticated or authorized to do business in this state, and the secretary of state shall be allowed such fees therefor as is [sic] herein provided · for designating resident agents. Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of this state." (Emphasis ours.)

"§ 5339. *Foreign corporations may be domesticated.*—Every company or corporation incorporated under the laws of any other state, territory or country, now doing business in this state, or hereafter desiring to do business in this state, and desiring to become a domestic corporation in this state, may file with the governor of the state a copy of its charter, or articles of incorporation or association, or in case such company or corporation is incorporated merely by a certificate, then a copy of its certificate of incorporation, duly authenticated and certified under the great seal of the state in which it was incorporated by charter or certificate."

"§ 5343. *Charters to be filed.*—Every company or corporation for profit incorporated under or by virtue of the laws of any government, or of any other state or territory, now or hereafter doing business in this state, shall file in the office of the secretary a copy of its charter or articles of incorporation, or in case such company or corporation is incorporated merely by certificate, then a copy of such certificate duly certified and authenticated. Said charters, articles of incorporation or certificates to be filed shall be duly certified by the president and secretary, or other chief executive of such corporation, and by attaching thereto the corporate seal, and the secretary of state, on the payment of the fees herein provided for shall give certificate that said corporation has filed its charter or articles of incorporation as required by this act, and any foreign corporation which shall not file a copy of its charter or certificate or articles of incorporation, as provided in this act, *shall be liable to a fine of not less than $100.00.* This section shall not apply to insurance companies, and is not to be taken or construed to change or modify the laws which are directly applicable to the character of corporations." (Emphasis ours.)

Section 155, c. 137, Mississippi Laws 1944, deals with local privilege taxes.

In the Haygood case the plaintiff was a Texas corporation and brought suit in the Circuit Court of Lee County, Miss., against J. L. Haygood and G. W. Long on a promissory note signed by them in the sum of $225. The defendant moved to dismiss, setting forth that the plaintiff was a foreign corporation and had not qualified to do business in Mississippi and that the note sued upon was the consideration for business done by the corporation in Mississippi. Plaintiff demurred to the plea on the ground that the law referred to was unconstitutional and that the plea did not state sufficient grounds for a dismissal. The trial court overruled the demurrer and dismissed the plaintiff's suit, and the plaintiff appealed. The Supreme Court affirmed and, citing an earlier Mississippi case said:

" 'Every contract made for, or about, any matter or thing which is prohibited and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the defaulter, because a penalty implies a prohibition, though there are no prohibitory words in the statute.'

"There are some decisions in our books which apparently conflict with this rule, but they were all overruled by Woodson v. Hopkins, 85 Miss. 171, 37 So. 1000, 38 So. 298, 70 L.R.A. 645, 107 Am.St.Rep. 275."

The latest case called to our attention from the Mississippi Supreme Court on the subject is Newell Contracting Co. v. State Highway Commission, 195 Miss. 395, 15 So.2d 700, 702. There the court said: "We are of the opinion that the court below was correct in holding that the appellant was doing business in this state and that there had been no substantial compliance with the statutes here involved until September 16, 1933, and that hence *the contract sued on is void and unenforcible.* Quartette Music Co. v. Haygood, 108 Miss. 755, 67 So. 211; Peterman Construction & Supply Co. v. Blumenfeld, 156 Miss. 55, 125 So. 548; Wiley Electric Co. v. Electric Storage Battery Co., 167 Miss. 842, 147 So. 773; Marx & Bensdorf, Inc. v. First Joint Stock Land Bank of New Orleans, 178 Miss. 345, 173 So. 297; Case v. Mills Novelty Co., 187 Miss. 673, 193 So. 625, 126 A.L.R. 1102." (Emphasis ours.)

Whether the court in using the word "void" meant absolutely null, or void in the sense of unenforceable, the opinion does not make clear. Citation of the Haygood case would indicate that the court was of the opinion that the contract was absolutely null; but citation of the other cases, all of them opinions by the Supreme Court of Mississippi later in date than the Haygood case, would indicate that the court meant that the contract was "void" only in the sense that it was unenforceable [3] in the Mississippi courts.

In Peterman Construction & Supply Co. v. Blumenfeld, supra, the Supreme Court of Mississippi said [156 Miss. 55, 125 So. 550]:

" * * * we think the case is controlled by Quartette Music Co. v. Haygood, supra, in which it is said that a contract made without first complying with the provisions of the above quoted statute could not be enforced in the courts of this state.

"That is the policy of this state, and while this case appears to be hard, in that finally the foreign corporation did comply with the law, yet in so far as it affects this contract the compliance cannot be made to relate back to the date of its execution. It was either enforceable on the date of its execution, or unenforceable. Under the statute, as construed by this court, the contract was not enforceable on its execution, and when the one contract was signed it was, in effect, a volume of business already transacted amounting to 200 separate and distinct contracts, in so far as the relation created between the foreign corporation and the several subscribers is concerned. * * * "

In Wiley Electric Co. v. Electric Storage Battery Co., supra, the Supreme Court of

---

[3] The word "void" does not always imply entire nullity. In Black's Law Dictionary, 3d Ed., it is said: "Void seldom implies entire nullity; but is, in a legal sense, subject to large qualifications in view of all the circumstances calling for its application, and the rights and interests to be affected in a given case. [Citing cases.]"

Mississippi said [167 Miss. 842, 147 So. 777]: "* * * This statute closes the doors of the courts of this state to foreign corporations doing business in this state in violation of its provisions, consequently upon the proof in this record we think the suit should have been dismissed."

In Marx & Bensdorf, Inc. v. First Joint Stock Land Bank, supra, the Supreme Court of Mississippi in referring to the statute used the following language [178 Miss. 345, 173 So. 298]: "* * * It will be noted that the last clause of that paragraph provides that any foreign corporation failing to comply therewith is barred from bringing and maintaining any suit in the courts of this state."

In Case v. Mills Novelty Co., supra, the Supreme Court of Mississippi said [187 Miss. 673, 193 So. 626]: "The servicing of this ice cream dispenser was purely a local transaction, not incidental to or necessary for the formation of the sales contract, and was subject wholly to the supervision and control of the state. It necessarily follows therefore that when servicing this ice cream dispenser, which it did through an agent employed for that purpose, the appellee was doing business in this state, and the contract of which this service agreement is a part violated Section 4164, Code of 1930, and is unenforceable."

■ We think the cases cited in the Newell Contracting Co. case, with the exception of the Haygood case, all indicate that under the Mississippi statutes the prohibition merely closes the door of the State courts to a foreign corporation which has failed to qualify to do business in that State. That this is the true interpretation of the Mississippi law is made clear in Long Beach Canning Co. v. Clark, 1926, 141 Miss. 177, 106 So. 646, and Citizens' Bank of Hattiesburg v. Grigsby, 1934, 170 Miss. 655, 155 So. 684. In Long Beach Canning Co. v. Clark, supra, the Supreme Court of Mississippi said [141 Miss. 177, 106 So. 648]:

"* * * In Quartette Music Co. v. Haygood, 108 Miss. 755, 67 So. 211, it was held that a foreign corporation doing business in this state, which had not filed its charter as required by this section, could not enforce its obligations in the courts of this state.

* * * * * *

"The statute does not make a forfeiture of property to the state for the failure to record its charter. It simply refuses the aid of its courts to those doing business in violation of the law without recording their charter."

In Citizens' Bank of Hattiesburg v. Grigsby, supra, the Mississippi Supreme Court said [170 Miss. 655, 155 So. 685]:

"It is next contended that the contract was void, and that no validity can be given to the deed under the foreclosure. It will be noted, in considering this contention, that the Franklin Bond & Mortgage Company is not a party to the suit, is seeking no relief in court, and has sought none. The statute bearing on the matter denies, to a corporation violating the statute, access to the courts for any relief. We do not think the statute avoids the contract so as to affect third persons, and we are of the opinion that nobody can raise this question but the state of Mississippi, when suit is brought by third perons, or when the litigation is between other persons than the corporation violating the statute and the state of Mississippi: In other words, a sale under a deed of trust in pais passes the title from the trustee to the purchaser. In the original contract between the Franklin Bond & Mortgage Company and Williams, the title passed from Williams to the trustee. The language of the statute does not make the contract entirely void. See Middleton v. Georgetown Mercantile Co., 117 Miss. 134, 77 So. 956; Long Beach Canning Co. v. Clark, 141 Miss. 177, 106 So. 646; Nicholson v. Myres, 170 Miss. 441, 154 So. 282; Quitman County v. Stritze, 70 Miss. 320, 13 So. 36; and the authorities cited under these cases. See, also, Springfield Grocery Co. v. Devitt, 126 Miss. 169, 88 So. 497.

"In our opinion, the case of Long Beach Canning Co. v. Clark, supra, is applicable here. In that case it was held, where a foreign corporation did business in this state without filing its charter as required by section 935, Code 1906 (which is brought

forward in the Code of 1930, section 4164), that this did not prevent it from selling property to liquidate its affairs on discontinuing its business, and that the statute prohibiting a foreign corporation from transacting business unless its charter was filed was intended only to deny such foreign corporation access to the courts of the state to enforce rights growing out of business transacted contrary to the statute. It would be too sweeping a decision to hold that the contract was utterly void as to third persons, and it would impose an unreasonable burden on other parties to compel them to see to it that a corporation had complied with the law of the state, when they desired to buy the property of such corporations."

When, therefore, the court in the Newell case used the words "void and unenforcible," we must interpret "void" as meaning that no relief could be granted to a noncomplying foreign corporation in view of the statute. Supposing a Mississippi resident had sued a nonresident corporation in the Mississippi court for breach of contract, the contract having been entered into in Mississippi, would it be contended that the nonresident corporation could set up that since it had not qualified to do business in the State of Mississippi the contract entered into was void? We think not. The Mississippi statutes deny to the noncomplying corporation permission to bring a suit in the State courts; but they do not prevent such a corporation from being sued upon its contracts in the State courts.[4]

But the prohibition in the State law closing the doors of the State courts extends no further than the State courts. The State of Mississippi is without authority to limit or extend the jurisdiction of the federal courts. If diversity of citizenship exists, the fact that a foreign corporation may not sue in the State courts because it has not complied with the conditions of doing business within the State does not shut the doors of the federal court sitting in that State. See David Lupton's Sons Co. v. Automobile Club of America,[5] 225 U.S. 489, 32 S.Ct. 711, 56 L.Ed. 1177, Ann.Cas.1914A, 699; McLean v. York Oil Field Supply Co., Inc., 5 Cir., 138 F.2d 804; Butler Bros. Shoe Co. v. U. S. Rubber Co., 8 Cir., 156 F. 1; Groton Bridge & Mfg. Co. v. Amer. Bridge Co., C.C.N.Y., 151 F. 871, 876, 877.

We therefore hold that the appellant has the right to sue on its contract in the federal District Court sitting in Mississippi.

The judgment appealed from is reversed.

---

[4] The statute reads: "Any foreign corporation failing to comply with the above provisions shall not be permitted to bring or maintain any action or suit in any of the courts of the state." See Citizens' Bank v. Grigsby, supra.

[5] This case is almost on all fours with the one now before the court and went up on the question of whether the New York law (which is like the Mississippi law) made the contract void or only unenforceable. Held: Unenforceable, hence the federal court had jurisdiction.