MARTIN, et al. *v.* LESLIE, et al.

No. 40331          January 7, 1957          91 So. 2d 743

*Mitchell & Simmerman,* Pascagoula, for appellants.

*Frank Hammond, Jr.,* Moss Point, for appellees.

HOLMES, J.

This is an action of unlawful entry and detainer brought by the appellees, Cecil Leslie and Mrs. Lorrie Leslie, as plaintiffs, against the appellants, Albert Martin and Mrs. Nellie Adams Martin, as defendants, to recover the possession of certain land in Jackson County. The special tribunal convened according to law to try the cause rendered a judgment for the plaintiffs. The defendants appealed to the circuit court, where the case was tried de novo before the judge, acting without a jury by agreement of the parties, resulting in a judgment for the plaintiffs. From this judgment, the appellants prosecute this appeal.

The facts are stipulated. On May 28, 1946, the appellees, Albert Martin and Mrs. Nellie Adams Martin, his wife, executed to Doris R. Taylor, Trustee for the benefit of the Pascagoula-Moss Point Bank, a deed of trust covering the land in question and securing the sum of $4,600, with interest at four percent, payable $27.88 monthly beginning June 30, 1946. L. K. McIntosh was

thereafter appointed substituted trustee in the aforesaid deed of trust and foreclosed the same because of the default of the grantors therein in the payment of the indebtedness secured. At the foreclosure sale, the Pascagoula-Moss Point Bank purchased the property as the highest and best bidder therefor, and on July 22, 1955, L. K. McIntosh, Trustee, conveyed said property to the Pascagoula-Moss Point Bank pursuant to the Bank's purchase thereof at the foreclosure sale. Thereafter on February 6, 1956, the Pascagoula-Moss Point Bank conveyed said property to the appellee, Cecil Leslie and his wife, Lorrie Leslie. The property in question was owned by the appellant, Albert Martin, at the time of the execution of the aforesaid deed of trust to the Pascagoula-Moss Point Bank. The Martins remained in possession of the property after the foreclosure of the aforesaid deed of trust, and still remain in the possession thereof and refuse to surrender the possession thereof to the said bank or to the said appellees.

It was further stipulated and agreed that reasonable compensation for the use and occupancy of the property is the sum of $40 per month from February 6, 1956. Upon the hearing of the cause by the circuit judge, he awarded the possession of the property to the plaintiffs, who are the appellees here, and rendered judgment in favor of the plaintiffs and against the defendants for the sum of $90, representing reasonable compensation for the use and occupancy of said property from February 6, 1956 to April 13, 1956, the date of the judgment.

The appellants assign as error on this appeal the action of the circuit court in awarding to the appellees the possession of the land in question. The appellants predicate this assignment upon the contention that under the facts of this case the remedy afforded by·an action of unlawful entry and detainer was not available to the appellees. Specifically it is contended by the appellants

that the appellees, under the facts of this case, were not entitled to the remedy prescribed by Section 1033 of the Mississippi Code of 1942, prescribing in what cases the remedy by an action of unlawful entry and detainer is available. Said Section 1033 reads as follows:

''Any one deprived of the possession of land by force, intimidation, fraud, stratagem, stealth, and any landlord, vendor, vendee, mortgagee, or trustee, or cestui que trust, or other person against whom the possession of land is withheld, by his tenant, vendee, vendor, mortgagor, grantor, or other person, after the expiration of his right by contract, express or implied, to hold possession, and the legal representatives or assigns of him who is so deprived of possession, or from whom possession is so withheld, as against him who so obtained possession or withholds possession after the expiration of his right, and all persons claiming to hold under him, shall, at any time within one year after such deprivation or withholding of possession, be entitled to the summary remedy herein prescribed.''

We think the contention of the appellants has been decided adversely to them in the case of Citizens' Bank of Hattiesburg v. Grigsby, et al, 170 Miss. 655, 155 So. 684, wherein the facts are almost identical with the facts in the case at bar. In holding that the remedy by an action of unlawful entry and detainer was available in the Grigsby case, supra, the Court said: ''We think the intent and purpose of this section is to give a remedy to one who claims under a deed of trust or mortgage, although not an immediate vendee or a vendee under an original grantor in a deed of trust.''

We are accordingly of the opinion that the learned circuit judge was correct in holding that the appellees were entitled to the remedy afforded by an action of unlawful entry and detainer and in awarding the possession of the property in question to the appellees. The judgment of the court below is therefore affirmed, and in

addition thereto, judgment is rendered here against the appellants and in favor of the appellees for the sum of $40 per month as compensation for the use and occupancy of the property from and after April 13, 1956.

Affirmed and judgment here for compensation for use and occupancy from and after April 13, 1956.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie,* **JJ.,** concur.