MIDDLETON *v.* GEORGETOWN MERCANTILE COMPANY.

[77 South. 956, Division A.]

1. CORPORATIONS. *Rights. Owning lands. Acts 1912, chapter 162.*

The purpose of chapter 162, Acts 1912, prohibiting the acquisition of land by corporations for agricultural purposes, is to prevent monopolies in agricultural lands in this state, and to prevent corporations from owning farming lands and engaging in the business of agriculture. Therefore a corporation does not violate this act by acquiring farm lands unless acquired for agricultural purposes.

2. CORPORATIONS. *Owning lands. Rights.*

When the issue is raised as to whether or not a corporation has legally acquired agricultural land notwithstanding the prohibition of chapter 162, Acts 1912, such issue must be determined by the allegations and proof in each case as to whether it comes within the exception in section 2 of said act as to taking under deeds of trust or mortgages, and foreclosures thereof.

3. CORPORATIONS. *Rights. Owning lands. Who may attack title.*

Land acquired by a corporation in violation of chapter 162, Laws 1912, vest the title in the corporation; and such unlawful acquisition of the title can only be questioned and assailed by the state, through its proper officers, and not by the grantor in a deed of trust under which the corporation purchased at foreclosure sale.

4. SAME.

The legislative act plainly prescribes dissolution of the corporation and administration of its assets as the penalty and exclusive remedy for its violation. It does not provide a forfeiture of the title or possession to the grantor of land acquired in violation thereof.

5. FORCIBLE ENTRY AND DETAINER. *Unlawful ownership. Corporations.*
   Where a corporation acquired title to agricultural lands by fore-
   closing a trust deed, and brought an action of forcible entry and
   detainer against the occupant, he could not set up as a defense
   the violation of Acts 1912, chapter 162, prohibiting the acquisition
   of such lands by corporations since he had no right of possession,
   and the corporation was not invoking the aid of the court to
   establish an unlawful title, but merely to gain possession.

APPEAL from the circuit court of Copiah county.
HON. D. M. MILLER, Judge.

Unlawful entry and detainer, by the Georgetown
Mercantile Company against R. B. Middleton and others.
From a judgment on peremptory instruction for plain-
tiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. J. Wilson,* for appellant.

Replying to the brief filed by counsel for appellee in
this cause we call the attention of the court to the fact
that the only serious contention made by appellee is
that the appellants cannot question the title or right of
possession of appellee to the land in controversy. They
state that the only party competent to raise that ques-
tion is the state through its duly authorized officers.

The rule invoked by counsel does not apply in this
case. Appellants are not asserting title or rights in
the land. They simply deny and prove that appellee
has no title or right in the land. If appellee acquired
no title through the foreclosure sale, then it has no
right to possession even against a stranger or tres-
passer. In other words, appellee has no standing in
a court of law and justice. It undertook to acquire
title to farm lands in violation of the provisions of
chapter 162 of the Laws of 1912. Both the letter and
spirit of the statute is opposed to the acquisition of
farm lands by corporations, unless it becomes necessary
to acquire the same in the collection of a debt.

The plain, competent and overwhelming proof furnished by the defendant was to the effect that Middleton was not indebted to the Mercantile company at the time of the foreclosure sale. This question is the *crux* in this case. The question was fairly disputed by the evidence, and should have been submitted to the jury for determination. The refusal of the court to submit the question to the jury is reversible error.

The authorities cited by counsel for appellee are not at all in point in this case, because appellants are not asserting any right in themselves, but are denying that appellee had any right or standing in court. If appellee acquired no title at the foreclosure sale under the deed of trust to the Mortgage Company, then it had no right to possession of the land as against appellants or any other person. Appellee cannot come into a court of law or justice and through its processes recover any benefits through a transaction that is prohibited by our statutes.

I submit, therefore, the case should be reversed and remanded for trial.

*Green & Green* and *D. Mahaffy,* for appellee.

Appellee filed its brief herein before appellant's brief was filed, and it is to be noted that the positions taken by appellant are, with deference, not answered by the brief of appellee. Their reply brief received since this was written and, with deference, it is not an answer.

In the first place, the land, while it was agricultural land, was not acquired by the Georgetown Mercantile Company for agricultural purposes. The statute does not forbid the acquisition of agricultural land, but only the acquisition of land for agricultural purposes.

The Georgetown Mercantile Company either had to buy the land or lose its debt, and it bought the land at the deed of trust sale and paid the mortgage debt due under the F. H. Carlisle, trustee, deed of trust, amount-

ing to about twelve hundred dollars; and having a second mortgage, even though litigated, and being the owners of a part of the first mortgage indebtedness, even though litigated, the company had the right, under the statute to buy the land to protect its debt and for the collection of its debt, and which was secured by a second mortgage and, in part, by the first.

Counsel concedes that this question of appellee's title could only be raised by the state under chapter 162 of the Laws of 1912, if appellee had obtained possession. There is nothing in the chapter which deals with possession, the chapter provides that no corporation shall acquire title to lands for agricultural purposes. The title was acquired at the deed of trust sale, independent of any question of actual possession, and the legal possession followed the acquisition of title and the withholding of possession is an unlawful act of the appellants, and in denial of the right of possession vested in appellee.

The title has been acquired, and appellants are seeking to defeat the title so acquired at the trustee's sale which was vested by the deed of trust sale of the trustee.

The question of the extent of the indebtedness to the appellee by Middleton was not involved and the appellee as shown by the affidavits on motion to strike the bill of exceptions introduced in evidence the second deed of trust and the notes and appellant's brief admits that the deed of trust was introduced in evidence. Thus appellee had the note of appellant secured by second mortgage and the note of appellant secured by first mortgage, and irrespective of the amount due on the notes held by appellee secured by first mortgage, the principal amount secured by first mortgage was due and unpaid and sale was made under all the indebtedness secured by the first mortgage. After that sale was made and after appellee had paid off, as purchase money at that sale, the whole amount of the first mortgage, it would

be droll indeed if he could not make effective the sale and should lose the land and its purchase money.

The evidence of Mr. Shoemaker showed that independent of the books, the indebtedness by appellant to appellee was about two thousand dollars and this evidence was in addition to the proof by the notes themselves, secured by second deed of trust which are omitted from the record.

Counsel refers to what the books of appellant showed, but there are no such books in the record and the case could only be tried by the evidence which is in the record.

We took it for granted in our original brief that it could not be doubted that where a statute provided a special remedy for the enforcement of a liability, as is done by sections 5 and 6, chapter 162 of the Laws of 1912, that this remedy is exclusive. *Miazza* v. *State,* 66 Miss. 420.

Nowhere in chapter 162 is there a forfeiture of the land acquired in violation thereof, to the grantor; but, on the contrary, sections 5 and 6 both provide for the special remedy of a forfeiture of the franchises of the corporation, for violating the law, and the administration of its assets among creditors and stockholders, and in such administration is included the land which is acquired in violation of the statute.

Holden, J., delivered the opinion of the court.

The appellee, Georgetown Mercantile Company, a corporation, instituted an unlawful entry and detainer suit against R. B. Middleton, appellant, to recover possession of a tract of farm land which was occupied, and formerly owned, by appellant. The appellee, Georgetown Mercantile Company acquired title to the land by purchase at a foreclosure sale under a deed of trust executed by appellant to F. H. Carlysle for the benefit of D. Nederlansch-Amerekaansche Land Maataschappy. At the time of the purchase of the land by appellee it was in the possession of appellant and was

farm land used for agricultural purposes.  The appellee
was the owner of the two unpaid notes executed by
appellant and secured by said deed of trust upon said
land.  Appellant had also subsequently executed a
deed of trust to the appellee upon the same land to
secure a certain indebtedness which was unpaid.  The
said prior deed of trust to Carlysle, trustee, also
secured two unpaid notes due to the beneficiary, D.
Nederlandsch-Amerekaansche Land Maataschappy, and
upon which the foreclosure sale was made.

The appellant, Middleton, defended in the lower court
upon two grounds:  First, that the plaintiff in the
court below should not recover possession of the land
because the appellee was a corporation and had ac-
quired the land for agricultural purposes in violation of
chapter 162, Act of 1912; second, that the appellant
was not indebted to the appellee in any sum, for the
reason that appellant had paid appellee all that was
due it under the deed of trust held by appellee, and also
had paid the two notes held by appellee, and had paid
appellee the amount of the other two notes, all of which
were secured by the prior deed of trust in which
Carlysle was trustee, and that therefore the appellee cor-
poration did not come within the exception of the act
providing that corporations may acquire lands for agri-
cultural purposes by deed for collection of debts due the
corporation. After the evidence had been introduced, or
offered, by the defendant below tending to sustain his
contention, the court excluded all of the testimony and
granted a peremptory instruction to the jury to find for
the plaintiff, from which action this appeal is taken.

The appellee contends that the judgment of the
lower court is correct for four reasons:  First, that
the record contains no proof that the land here in
question was acquired or owned by appellee for agri-
cultural purposes; second, that the appellee acquired
title to the land by foreclosure of security or by deed
for collection of its debt against appellant; third, that

the defense offered by the appellant in the lower court was an equitable defense not available in an action of unlawful entry and detainer; fourth, that if the appellee is wrong in the above contentions, still the judgment should be affirmed because the lower court was correct in holding that, even though the land here in question was acquired in violation of chapter 162, Acts of 1912, the title is nevertheless in the appellee corporation, and cannot be attacked by the grantor in the deed of trust, as this can only be done, if at all, by the state.

The position of appellant, we think, is wholly untenable. The meaning of the plain language of chapter 162, Acts of 1912, when read carefully, is clear and convincing that the contentions of appellant are not within the statute. We here set out the material part of sections 1, 2, 5, and 9 of chapter 162, Acts of 1912, which read as follows:

"That no corporation, whether chartered under the laws of the state of Mississippi, or under the laws of any other state of the United States, or of any foreign country, shall acquire title, in fee, or for a term of years, to, or own land for agricultural purposes, in this state outside of an incorporated city, town or village."

"That this act shall not prevent corporations taking deeds of trust, or mortgages on real estate to secure loans or debts, or from acquiring title thereto upon foreclosure of such securities, or from acquiring title to land by deed for the collection of debts."

"And if any corporation or other person shall have acquired any right, title or interest in any land in violation of this act, it shall be the duty of the attorney-general, or of the district attorney, of any judicial district in which such land is situated, or the state revenue agent to file or have filed in the chancery court a bill against such corporation or corporations, alleging the illegal acquisition of such lands, which suit shall be proceeded with as other suits brought by the state for

the dissolution of corporations are proceeded with in said courts, and if the court shall determine that the defendant corporation or corporations, or trustees or other persons acquired the land involved in violation of this Act, the court shall enter a decree to that effect and shall declare the corporation to be dissolved, if it be a domestic corporation, and if a nonresident corporation shall decree that it shall not be permitted to do business in this state, and such court shall thereafter appoint a receiver to take charge of all property in this state belonging to such corporation or so held in trust and to dispose of the same under order of the court, and after paying all debts of the corporation, and all costs and charges incident to said suit and such receivership, the court shall direct that the remainder of the proceeds of the sale of said property and the funds derived therefrom be distributed among the stockholders of such corporation, or among the parties by whom the land was held in trust, in case of a trustee, or other person holding land in violation of this act, according to their respective interests, and all such corporations shall thereupon be perpetually enjoined from doing business thereafter in the state of Mississippi.''

''Sec. 9. The purpose of this act is to prevent monopolies in agricultural lands in this state, and to prevent corporations from owning farms and plantations and engaging in the business of agriculture, except as herein provided, and it shall be construed liberally by the courts for the accomplishment of such purpose, but it is not the purpose of this act to prevent corporations from acquiring real estate for any legitimate purpose or use other than for farming or agricultural purposes, as hereinbefore provided.''

By reading section 9 of this act it will be observed that the purpose of the law is to prevent monopolies in agricultural lands in this state and to prevent corporations from owning farming land and engaging in the business of agriculture. Therefore a corporation does

not violate the act by acquiring farm lands unless acquired for agricultural purposes, and unless the proof shows that the corporation acquired title to the land for agricultural purposes there is no violation of the statute. The latter part of said section 9 provides:

"But it is not the purpose of this act to prevent corporations from acquiring real estate for any legitimate purposes or use other than for farming or agricultural purposes, as hereinbefore provided."

It is not clear to us in this case that the proof shows that the land in question was purchased by this appellee corporation for agricultural purposes. It might be agricultural land, but not acquired for agricultural purposes. However, we shall not pass upon this question at this time because the judgment of the lower court will be upheld upon another ground.

It is conceded by all parties that the appellee corporation could lawfully acquire title to the land in question by valid mortgage foreclosure or by deed for collection of its debts, under the act. And it may be said that the appellee corporation acquired its title to the land in question here "by deed for collection of debts" as provided in said section 2 of the act. In purchasing at the foreclosure sale under the deed of trust to Carlysle, the appellee corporation may have been acting for its own protection, and, in effect, was collecting on its own deed of trust against appellant, and also collecting a debt due it by appellant as represented by the two notes owned by appellee and executed by appellant and secured by the trust deed to said trustee Carlysle. However, we shall not pass upon this proposition, as it is not pertinent, but point out that the allegation and proof in each case must govern as to whether it comes within the exception in section 2 of the act.

The defendant in the court below offered to show that he had paid all that was due by him to appellee corporation, and that the sale was therefore void, be-

cause appellant had paid to appellee all that he was due it and all that he was due appellee under the Carlysle deed of trust; that in his dealings with appellee he had overpaid the amount due by him, and that the appellee was obligated to pay the amount due the Dutch beneficiary under the Carlysle deed of trust, and that if this had been done there would have been no right in the trustee to sell under the Carlysle deed of trust because it should have been fully paid and settled by appellee. This appears to be an equitable defense, involving an accounting, and is really an effort to cancel a legal title in a court of law. But it is unnecessary for us to pass upon this question here, in view of the well-settled principles of law in this state on that subject. *Smith* v. *Williams-Brooke Co.,* 111 Miss. 393, 71 So. 648.

The ground upon which we rest in affirming the judgment of the lower court is that the appellant grantor cannot be heard to assail the title to the land in the appellee corporation in this case. This cannot be done by the grantor.

Land acquired by a corporation in violation of chapter 162, Acts of 1912, vests the title in the corporation; and such unlawful acquisition of the title can only be questioned and assailed by the state, through its proper officers, and not by the grantor in the deed of trust under which the corporation purchased at foreclosure sale.

The legislative act plainly prescribes dissolution of the corporation and administration of its assets as the penalty and exclusive remedy for its violation. It does not provide a forfeiture of the title or possession to the grantor of land acquired in violation thereof, in any event. Forfeiture of its charter rights by dissolution may be, and should be, enforced by the proper officers of the state when the purpose and intent of the statute has been violated.

The title to the land in question being vested in the appellee corporation by purchase under the trustee's sale, the right of possession went with the title thereto. Counsel for appellant seems to concede the correctness of this view, but insists that, since the appellant had possession of the land, the appellee cannot invoke the aid of the courts to deprive him of possession, because title to the land was acquired by appellee in violation of the said chapter 162, Acts of 1912. But we think counsel overlooks the fact that the title to the land here in question was already vested in appellee by the trustee's deed, and that being true, aid of the court to obtain title was not sought, and there was no right of possession left in the appellant upon which he could rely in the action against him for the possession in the lower court.

This is not a case where the offending corporation seeks to acquire title to land by the aid of a court of justice, as in *Southern Realty Co.* v. *Tchula Co-operative Stores,* 114 Miss. 309, 75 So. 121, but title here had already vested in appellee corporation by a deed under foreclosure sale, and carried with it all the rights incident to a good legal title, and the acquisition of title cannot be invalidated by appellant grantor as being *ultra vires.* This can be done, if at all, only by the state in proper cases where the facts justify it under the Act in question. 10 Cyc. 1134; 7 R. C. L. par. 553.

The judgment of the lower court is affirmed

*Affirmed.*