Moffett, et al. *v.* International Paper Co., et al.

No. 42266          March 26, 1962          139 So. 2d 655

*Holyfield & Goldman,* Meridian, for appellants.

*Riddell & Dabbs,* Quitman, for appellees.

ETHRIDGE, J.

Appellees, complainants in the Chancery Court of Clarke County, are International Paper Company (International) and The Long-Bell Petroleum Company, Inc. (Long-Bell). The suit was brought against appellants, E. G. and F. L. Moffett, to cancel their claims upon certain lands as clouds on title. Defendants asserted title by adverse possession, and filed a cross bill to confirm it as to about 600 acres of the entire tract. International and Long-Bell owned the record title to the surface and minerals, respectively.

██ ██ After a lengthy hearing, the chancery court held that appellants failed to sustain their burden of proof to establish title by adverse possession. They had not occupied the land to the exclusion of all others and uninterruptedly during any ten-year period of time. Miss. Code 1942, Rec., Sec. 711. With these conclusions, the trial court entered a decree confirming complainants' record title to the property and canceling any clouds asserted to it by defendants and cross-complainants, appellants here. No purpose would be served in an outline of the large amount of evidence. Suffice it to say that we have carefully examined the record, and the evidence amply supports the findings and decision of the trial court. Grantham v. Masonite Corp., 218 Miss. 745, 67 So. 2d 727 (1953), is substantially similar to the present case.

██ ██ The minerals were severed from the surface of the land in 1932, considerably before appellants even claimed to have exercised adverse possession over the surface. Subsequently the minerals vested in Long-Bell. Adverse possession of the surface does not constitute adverse possession of previously severed minerals, in the absence of active production and appropriation for the statutory ten-year period. Cook v. Farley, 195 Miss. 638, 15 So. 2d 352 (1943); Wilson v. Eckles, 232 Miss. 577, 99 So. 2d 846 (1958).

Long-Bell Lumber Company, a Missouri corporation, merged in 1956 with International Paper Company. Appellants argue that the corporate charter of Long-Bell Lumber Company expired in 1934 and was not validly extended, relying on State v. Holekamp Lbr. Co., 331 S. W. 2d 171 (Mo. 1960). However, that case was overruled in State v. Holekamp Lbr. Co., 340 S. W. 2d 678 (Mo. 1960); app. dis., 366 U. S. 715, 81 S. Ct. 1660, 6 L. Ed. 2d 846; rehearing denied, 368 U. S. 870, 82 S. Ct. 26, 7 L. Ed. 2d 71, which held that there was reserved statutory authority to extend and renew Missouri corpo-

rate charters during this period. That was the procedure followed in connection with the Missouri charter of Long-Bell Lumber Company.

■■ Moreover, appellants cannot collaterally attack the legality of the existence of this company, or the validity of the merger or consolidation with International, even if there were any merit in their contention, which there is not. 13 Am. Jur., Corporations, Sec. 60. ■■ The objection that there has not been a valid merger or consolidation is one which can be made only by the state in direct proceedings. Collateral attack is not permissible. Ibid., Sec. 1189; 19 C. J. S., Corporations, Sec. 1610; see also Middleton v. Georgetown Mercantile Co., 117 Miss. 134, 144, 77 So. 956 (1918).

■■■ Pursuant to the merger, Long-Bell Lumber Company executed to International in 1956 a "confirmatory deed". It conveyed to International all right and title owned by the grantor in lands, timber, minerals, "and all other property and rights, real, personal or mixed, situated in the State of Mississippi, . . .". The grantor owned thousands of acres in Mississippi. Appellants assert this conveyance is invalid because it contains an inadequate description. However, a conveyance of all of the property of the grantor in a certain state is sufficient to pass the grantor's title to real estate in that state, without a particular description. It can be made certain. 16 Am. Jur., Deeds, Sec. 272; 26 C. J. S., Deeds, Sec. 30, p. 649; 6 Thompson, Real Property (Perm. Ed. 1940), Sec. 3291; Anno. 55 A. L. R., 162, 166 (1928); Ewing, Miss. Land Descriptions, 18 Miss. L. J. 381, 383-384 (1947); Harmon v. James, 7 S. & M. 111, 118, 45 Am. Dec. 296 (1846); see also Barksdale v. Barksdale, 92 Miss. 166, 45 So. 615 (1908); Herod v. Robinson, 149 Miss. 354, 115 So. 40 (1927). The deed was an effective conveyance.

Affirmed.

*McGehee, C. J.,* and *Kyle, Rodgers,* and *Jones, JJ.,* concur.

### ON MOTION TO STRIKE FROM RECORD UNNECESSARY DOCUMENTS

Appellants have made a motion to strike from the record a number of subpoenas for witnesses, a motion for subpoena duces tecum, and a lis pendens notice. This motion is sustained, except as to the order on page 86 of the record. All of these instruments are wholly unnecessary for a consideration of this case. They should not have been included in the record. Carroll Notion Co. v. Neville, 217 Miss. 699, 65 So. 2d 140, 146-147 (1953); Cooper v. Simmons, 237 Miss. 630, 114 So. 2d 614 (1959); Supreme Court Rule 2. Hence the motion to strike the pages therein enumerated and to disallow the costs of such pages is sustained.

Motion to strike from record certain unnecessary documents sustained.

All Justices concur.