**INTERNATIONAL DAIRY QUEEN, INC., a Delaware Corporation, Plaintiff,**

v.

**BANK OF WADLEY, an Alabama Corporation, and Leon Phillips, Defendants.**

**Civ. A. No. 75–68–E.**

United States District Court, M. D. Alabama, E. D.

Feb. 6, 1976.

Albert W. Copeland, Hobbs, Copeland, Franco & Screws, Montgomery, Ala., for plaintiff.

Tom Radney, Radney & Radney, Alexander City, Ala., for defendants.

## ORDER

VARNER, District Judge.

There is now presented the Plaintiff's motion to strike the amended answer filed herein December 2, 1975, by Defendant Bank of Wadley. Plaintiff sues for breach of the terms of an allegedly irrevocable letter of credit. Defendant Bank defends on the ground that this letter of credit obligated it to lend a sum of money greater than that which banks are allowed to lend by the terms of Title 5, § 82, Code of Alabama, which provides, in pertinent part, as follows:

**§ 82.** *Loan not to exceed twenty per cent of capital, surplus and undivided profits.*—No bank shall lend to any one person, firm or corporation (including loans to a firm, loans to the several members thereof) more than twenty per cent of its capital, unimpaired surplus and undivided profits; and, where any loan exceeds ten per cent of the capital, unimpaired surplus and undivided profits, such excess shall be secured by good collateral or other ample security; * * *. It shall be the duty of the superintendent of banks to order any loan in excess of the amount herein fixed reduced to the legal limit, or the excess charged to profit and loss, provided in his opinion such excess is not well secured, and if such reduction shall not be made within thirty days after such notification, to proceed as in other cases provided for violation of the orders of the superintendent.

Plaintiff contends that this section provides no defense to Defendant Bank. Defendant Bank answers that the contract underlying the letter of credit subject of the action was illegal and ultra vires as to the Bank and that it is, therefore, not liable thereon.

▪ Defendant Bank is barred from raising the defense of ultra vires in this action by virtue of Code of Alabama, Title 10, § 21(58), which without qualification abolishes the defense of ultra vires in Alabama as between the parties to a contract or transaction:

**§ 21(58).** *Defense of ultra vires.* —No act of a corporation and no conveyance or transfer of real or personal property to or by a corporation shall be invalid by reason of the fact that the corporation was without capacity or power to do such act or to make or receive such conveyance or transfer, * * *.

▪ Alabama follows the general rule that contracts requiring the doing of an illegal act are void and unenforceable by either party. *Bankers & Shippers Ins. Co. of New York v. Blackwell*, 255 Ala.

360, 51 So.2d 498 (1951); *Georgia Fruit Exchange v. Turnipseed*, 9 Ala.App. 123, 62 So. 542 (1913). This general rule is, however, subject to certain qualifications.

▪ It is well-established law in most jurisdictions and as to national banks whose lending capacity is governed by federal regulation that, where a statute like § 82, supra, prohibits certain excessive loans but does not expressly declare such to be void and unenforceable, a bank may recover from the debtor regardless of the illegality of the transaction. See 9 C.J.S. Banks and Banking § 398. The policy underlying this doctrine is that the protection of the bank's investors is the guiding principle of interpretation and application of restrictions on lending power. This has long been the policy of the courts of Alabama:

> "Nothing can be clearer to our minds than that the borrower must refund the money. Any other construction would place the entire capital of the bank at the mercy of a venal directory and profligate borrowers." *Bates v. Bank of Alabama*, 2 Ala. 451 (1841).

The present case, however, involves a somewhat different situation which has received little attention from courts. Here, a wholly-executory contract is sought to be enforced *against* the bank and, thus, against the interest of the public who have invested in the bank, which is the interest sought to be protected by the very statute which is invoked to prevent recovery for breach. One authority supports the view that an executory contract to make an unauthorized loan is void and unenforceable and cannot give rise to an action for damages for breach of contract while pointing out that a Nebraska court has reached an opposite conclusion. Annotation: Banks—Statutory Provisions as to Loans, 125 A.L.R. 1514. There is also authority that a bank may refuse to complete a loan which it has contracted to make where the loan is of a character that the bank is not authorized to make. 9 C.J.S. Banks and Banking § 385.

1272

It is well established in Alabama that violation of a regulatory statute intended for the benefit of the public renders a contract void and unenforceable. *Gill Printing Co. v. Goodman*, 224 Ala. 97, 139 So. 250 (1932). This Court is of the opinion that such a defense is properly pleaded herein.

The Court is aware of the doctrine sometimes stated that, where penalties are specifically provided for violation of a regulatory statute, no others will be implied. *Middleton v. Georgetown Mercantile Co.*, 117 Miss. 134, 77 So. 956 (1918). It is the opinion of the Court that such a doctrine should not usually be applied in a case such as the instant action in which it is sought to defeat the very interest sought to be protected by statute. The remedies provided to the Superintendent of Banks in § 82 appear to have reference to executed loans. It is the Court's opinion that the policy of closing the courts to enforcement of illegal contracts is especially strong in cases of executory contracts such as this one and that Alabama would in this case apply that rule to effectuate the protective policy of § 82.

Plaintiff has argued that the alleged obligation sued upon is not necessarily a loan within the meaning of § 82. This Court is now without sufficient information to determine this question. In accordance with the foregoing, it is

Ordered by this Court that Plaintiff's said motion to strike be, and the same is hereby, denied.